UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CATHY HIGHTOWER,<br>Plaintiff,<br>v.<br>CLARK COUNTY SCHOOL DISTRICT,<br>Defendant. | Case No. 2:26-cv-03021-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint for Employment Discrimination. ECF Nos. 1, 1-1. The IFP is granted below. Thus, the Court proceeds with the screening process.

## I. The Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Plaintiff's Complaint**

Plaintiff alleges she was hired as a substitute teacher by the Clark County School District ("CCSD") in 2021. In March of 2022, Plaintiff avers she informed CCSD that she had a medical condition affecting her ability to perform some work activities. Plaintiff does not identify her disability anywhere in her Complaint; however, she says that in August 2025 she sought a reasonable accommodation that was denied by the principal at Edith Garehime Elementary School ("Garehime") where she was working. In November 2025, Plaintiff says she was jumped by a student and filed an incident report that prompted her removal from her position at Garehime. Plaintiff alleges she continued to seek and accept work as a substitute teacher, continued to seek accommodations through CCSD that were not provided, and her overall work opportunities were greatly reduced. Plaintiff alleges CCSD terminated her from "Substitute Services" on May 11, 2026. Plaintiff attributes her termination to her age (over 40), disability, and protected activity under the Americans with Disabilities Act (the "ADA"). Plaintiff asserts four claims: disability discrimination, a failure to accommodate, retaliation based on protected activity under the ADA, and age discrimination under the Age Discrimination in Employment Act (the "ADEA").

**III. Discussion**

a. <u>The ADA</u>.

To state a prima facie discriminatory termination claim under the ADA, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) she was terminated because of her disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). Plaintiff must also "allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073,

at *4 (N.D. Cal. Jan. 5, 2024). Plaintiff alleges no facts establishing she is disabled within the meaning of the ADA. Thus, as alleged, Plaintiff fails to state this claim. However, Plaintiff is granted leave to amend her disability discrimination claim to allege fact demonstrating that she is disabled within the meaning of the ADA (that is, she suffers from a substantial limitation of a major life activity, but is able to perform the essential functions of her job with or without a reasonable accommodation).

Plaintiff also alleges a failure to accommodate claim. The elements of a prima facie failure to accommodate claim mirror those of a discrimination claim. Plaintiff must allege facts demonstrating: "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003). Again, Plaintiff fails to plead facts demonstrating she is disabled within the meaning of the ADA. Thus, Plaintiff's failure to accommodate claim cannot proceed. However, Plaintiff is granted leave to amend this claim to plead facts supporting each element of her failure to accommodate claim.

Finally, to state a claim for retaliation Plaintiff must allege: (1) she engaged in activity protected under the ADA; (2) the employer subjected Plaintiff to an adverse employment decision; and (3) there is a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). Plaintiff pleads sufficient facts to state this claim as she pleads she engaged in protected activity by allegedly seeking an accommodation on more than one occasion, she was terminated, and that the termination was prompted by her protective activity.

b. The ADEA.

To state a prima facie claim of age discrimination Plaintiff must plead facts alleging: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for … [her] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside … [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action [that] give rise to an inference of discrimination." *Whitman v. Mineta*, 541 F.3d

929, 932 (9th Cir. 2008) (internal citation omitted). Plaintiff pleads no facts supporting a prima facie claim of age discrimination other than the fact that she is over 40. Indeed, all facts alleged relate to Plaintiff's ADA claims. Accordingly, this claim is dismissed without prejudice and with leave to amend. If Plaintiff chooses to amend her Complaint, she must plead facts demonstrating not only that she is over 40, but that she was qualified for her position and individuals outside her protected class—those under forty—who were similarly situated were treated more favorably than she was.

## III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's age discrimination claim, disability discrimination claim, and failure to accommodate claim are dismissed without prejudice and with leave to amend. Plaintiff is granted **one** opportunity to replead these claims. If Plaintiff chooses to do so, she must file a document titled "AMENDED COMPLAINT" no later than **October 26, 2026**. The amended complaint **must** include **all** claims Plaintiff wishes to allege and must include all facts on which those claims are based. Conclusory allegations are insufficient to state a claim. Thus, Plaintiff must plead facts supporting the elements of each claim on which she seeks to proceed.

Plaintiff is also advised that if she files an amended complaint, the original Complaint (ECF Nos. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading to render Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that Plaintiff may proceed on her retaliation claim under the ADA.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Clark County School District and deliver the same, along with one copy of Plaintiff's Complaint (ECF No. 1), and one copy of this Order to the U.S. Marshal Service for service of process on Clark County School District.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form. Plaintiff must complete the form to the best of her ability and return the same no later than **October 26, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to research on whom at CCSD her Complaint should be served.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to serve the Summons, this Order, and a copy of Plaintiff's Complaint (ECF No. 1-1) on Clark County School District no later than twenty-one (21) days after receipt of the completed USM-285 form.

Dated this 28th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE